## Williams, et al. v. Board of Trustees of the Stanton Graded Common School District.

(Decided November 10, 1916.)

### Appeal from Powell Circuit Court.

Schools and School Districts—School Funds—Use for Sectarian Purposes—Constitution, Section 189.—In an action by the citizens and taxpayers of a graded common school district to enjoin the use of the school fund in aid of a sectarian school and to require the trustees to conduct a graded common school in said district, evidence examined and held insufficient to show that any portion of the school fund was used for such purpose.

HAYS & HAYS for appellants.

J. D. ATKINSON and C. F. SPENCER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Section 189 of the Constitution provides: "No portion of any fund or tax now existing, or that may hereafter be raised or levied for educational purposes shall be appropriated to, or used by, or in aid of, any church, sectarian or denominational school."

Plaintiffs, James William and Louis Faulkner, citizens and taxpayers of the Stanton Graded Common School District in Powell County, brought this suit against the Board of Trustees of said district and others to enjoin them from using any of the taxes levied in said district for educational purposes in aid of Stanton College, an alleged sectarian and denominational school, maintained by the Board of Church Extension of the United Presbyterian Church of North America, and to require the Board of Trustees to maintain a graded common school in said district in accordance with the laws of the state. Being denied the relief prayed for, plaintiffs appeal.

The petition charges in substance that Stanton College is a sectarian institute, in which the doctrines of the Presbyterian Church are taught; that the Board of Trustees had contracted with Stanton College to teach the pupils of the Stanton Graded Common School District; that the school fund belonging to said district was paid to Stanton College by those in charge of it for the services rendered by said college in teaching the pupils of said district, and said fund was used in the aid of said college; and that the Board of Trustees were not providing a public school for the pupils of said district according to law.

The evidence shows that Stanton College is maintained by the Board of Church Extension of the United Presbyterian Church of North America. The school is in charge of Professor J. C. Hanley, who is also a Presbyterian minister. The school building is large and commodious. This building was leased by the Board of Trustees of Stanton Graded Common School District, in consideration of their keeping the building in repair. The graded common school is maintained in two of the rooms of this building. The teachers in charge thereof were employed by the Board of Trustees and the school fund was used to pay their salaries. Neither Stanton College nor Professor Hanley received any portion of the school fund. At the beginning of the term Professor Hanley announced that any of the pupils of the Stanton Graded School might have the privilege of entering any of the grades of Stanton College without cost, but that it was not compulsory. If they did not wish to attend Stanton College free of charge, then they must enter the grades of the graded common school. Each morning the college proper holds chapel exercises, which consist of the singing of religious and patriotic songs, reading of a portion of the scripture and prayer. Sometimes if a visitor be present he addresses the pupils. It does not appear that the graded school pupils are required to attend these exercises. It also appears that, in connection with Stanton College, Professor Hanley conducts a dormitory, and that the rules of the dormitory require the pupils residing therein to attend worship at the Presbyterian Church. Graded school pupils, however, do not reside in the dormitory.

It is argued that because the contracts between the teachers and the Board of Trustees were blank as to

salaries and as to their terms of service, and because these teachers were recommended to the board by Professor Hanley and the college building was leased to the board, and the pupils of the graded school were given the privilege of taking certain grades in the college free of charge, the college must have indirectly received some benefit from the school fund. It clearly appears, however, that a graded school was conducted by the Board of Trustees and that the teachers of the graded school were qualified and held the requisite certificates. They were in no sense subject to the control of Professor Hanley or Stanton College. They were employed by the Board of Trustees of Stanton Graded Common School District and were subject alone to their authority. The teachers say that their salaries were paid to them by the Board of Trustees and that no portion thereof was turned over to Stanton College or Professor Hanley, or anyone else for it. Professor Hanley says that neither he nor the college received any part of the school fund. The teachers so employed taught only the pupils of the graded school district. The failure of the contracts to specify the terms and salaries of the teachers is explained by the fact that when the contracts were executed it was not known when the school term would begin or what would be the exact amount of the public school fund. The graded school pupils were not required to attend any of the grades taught in Stanton College. They were merely accorded this privilege and that, too, without charge. Whether accorded from purely philanthropic motives or with the ultimate view that some of the pupils so taught might, upon reaching a more mature age, attend Stanton College is immaterial. In view of the positive and uncontradicted evidence to the contrary, we conclude that the circumstances relied on by plaintiffs to sustain the charge that any portion of the school fund was used in the aid of Stanton College, are wholly insufficient. The most that can be said is that the arrangement was one for the mutual convenience of the parties, and neither such convenience nor the ultimate benefit which Stanton College might derive, by way of increased attendance on the part of pupils formerly attending the graded school district, would constitute the appropriation or use of any portion of the school fund in aid of a sectarian or denominational school.

Judgment affirmed.